UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUITY TRUST COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT J.R. GOGGIN, et al., <br><br> Defendants. | CASE NO. C13-1489JLR <br><br> ORDER REMANDING CASE TO KING COUNTY SUPERIOR COURT |

On September 26, 2013, the court ordered Defendants Scott J.R. Goggin and Michael Jordan to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction. (9/26/13 Order (Dkt. # 7).) Defendants did not file a response to the court's order (*see* Dkt.), and it appears the court has no subject matter jurisdiction over this case.

As the court explained in its previous order, Defendants' Notice of Removal invokes the court's subject matter jurisdiction but provides no proper basis for doing so, alleging only that "the Notice to Quit upon which the civil action is based incorporates by

ORDER- 1

reference federal law, viz., Title VII of the Emergency Economic Stabilization 'Protecting Tenants at Foreclosure Act of 2009,' 123 Stat. 1660 ("EESA") . . . and hence a federal statute is drawn in question in this cause." (*Id.* at 2.)

It is not enough that a federal statute be "drawn into question." Federal question jurisdiction requires that at least one claim "aris[e] under" federal law. 28 U.S.C. § 1331. An action "arises under" federal law if (1) federal law creates the plaintiff's cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Grable & Sons Metal Pros., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Those conditions are not met here. This is an unlawful detainer action. (*See* Compl. (Dkt. # 5-3).) Federal law does not create this cause of action, nor is it readily apparent that Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law or, indeed, any question of federal law at all. It is not enough for a federal statute to be somehow involved in the case. *Grable & Sons*, 545 U.S. at 312.

The court hereby ORDERS that this case be remanded to King County Superior Court. The court further ORDERS that pursuant to 28 U.S.C. § 1447(c) the clerk shall send a certified copy of the remand order to the clerk of King County Superior Court. Finally, the court ORDERS that the clerk shall close this matter.

Dated this 8th day of October, 2013.

JAMES L. ROBART
United States District Judge

reference federal law, viz., Title VII of the Emergency Economic Stabilization 'Protecting Tenants at Foreclosure Act of 2009,' 123 Stat. 1660 ("EESA") . . . and hence a federal statute is drawn in question in this cause." (*Id.* at 2.)

It is not enough that a federal statute be "drawn into question." Federal question jurisdiction requires that at least one claim "aris[e] under" federal law. 28 U.S.C. § 1331. An action "arises under" federal law if (1) federal law creates the plaintiff's cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Grable & Sons Metal Pros., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Those conditions are not met here. This is an unlawful detainer action. (*See* Compl. (Dkt. # 5-3).) Federal law does not create this cause of action, nor is it readily apparent that Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law or, indeed, any question of federal law at all. It is not enough for a federal statute to be somehow involved in the case. *Grable & Sons*, 545 U.S. at 312.

The court hereby ORDERS that this case be remanded to King County Superior Court. The court further ORDERS that pursuant to 28 U.S.C. § 1447(c) the clerk shall send a certified copy of the remand order to the clerk of King County Superior Court. Finally, the court ORDERS that the clerk shall close this matter.

Dated this 8th day of October, 2013.

JAMES L. ROBART
United States District Judge